### JOHN T. BODDIE
#### *v.*
### THE BREWER & HOFMANN·BREWING COMPANY.

*Opinion filed December 18, 1901.*

APPEALS AND ERRORS—*when Supreme Court has no jurisdiction of appeal.* The Supreme Court has no jurisdiction of a direct appeal from a decree enjoining the collection of two judgments for rent, upon the ground that the premises were knowingly rented and used for a gambling house, in violation of law.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

LOESCH BROS. & HOWELL, for appellant.

EDWARD MAHER, (WILLIAM DILLON, of counsel,) for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal by John T. Boddie from a decree rendered in the circuit court of Cook county restraining him from collecting two judgments against appellee and others, obtained in the superior court of Cook county, the first being for $1750 and the second for $4999.95. The two judgments were obtained for rent due appellant from appellee as a tenant of his property known as No. 130 South Clark street, leased to it February 3, 1893. A part of the rent was paid without suit and a part after judgment rendered. The two judgments which are now sought to be restrained by this proceeding for injunction are still unpaid. The ground on which an injunction was asked was that the premises were rented by appellant to appellee as a place to carry on gambling, and that therefore such a lease, and the judgments for the rent accruing thereunder, were void, being contrary to section 131 of the Criminal Code, and against public policy. Appellant brings the cause to this court seeking to reverse the decree enjoining the collection of the judgments, and cross-errors are assigned by appellee, the Brewer & Hofmann Brewing Company, the latter insisting that the decree was not broad enough, in that it failed to require appellant to return the moneys already collected by him under said lease.

This appeal must be dismissed. Section 88 of the Practice act (Hurd's Stat. 1899, p. 1296,) provides for appeals to the Supreme Court only in "criminal cases above the grade of misdemeanors, and cases in which a franchise or freehold or the validity of a statute or construction of the constitution is involved; and in all cases relating to revenue, or in which the State is interested as a party or otherwise." The matters involved in this proceeding clearly do not fall within any of these provisions, and this court therefore has no jurisdiction to review the case.                    *Appeal dismissed.*